State v. Flowers

STATE OF NORTH CAROLINA v. JAMES CHARLES FLOWERS, JR.

No. 7919SC610

(Filed 1 July 1980)

1. Criminal Law § 63– statements by defendant to police – inadmissibility to show insanity

In a prosecution for discharging a firearm into an occupied vehicle where defendant pled insanity, the trial court did not err in refusing to allow a police officer who investigated the crime to testify that defendant admitted shooting a school bus because "he was one of God's children and it was God's bus" since the statement was not so inherently reliable as to be allowed in evidence to show what the witness relied on to form his opinion that defendant was insane.

2. Criminal Law § 5– insanity – issue for jury determination

Defendant's contention that he was entitled to a directed verdict because he offered plenary evidence of insanity which was uncontradicted was without merit.

3. Criminal Law § 5– defense of insanity – instructions on commitment procedure

There was no merit to defendant's contention that he was prejudiced by improper evidence which showed that if he were found not guilty by reason of insanity, he would not be confined, since the testimony of a psychiatrist was not unequivocal that defendant would be released if found not guilty by reason of insanity, and since the court properly charged as to the commitment procedure if defendant were found not guilty by reason of insanity.

4. Criminal Law § 63– defendant's statements to psychiatrist – admissibility

Statements made by defendant to a psychiatrist concerning his use of drugs were inherently reliable, and the trial court did not err in allowing them into evidence.

5. **Criminal Law § 102.6– defendant under influence of drugs – jury argument supported by evidence**

    Testimony by a psychiatrist who examined defendant that defendant's conduct was similar to that of a person using PCP, that the psychiatrist suspected the use of PCP because of certain conduct of defendant, and that, in the psychiatrist's opinion, defendant's illness was made worse by some type of drug was sufficient evidence of the use of drugs by defendant at the time of the crime charged so that the district attorney could argue it to the jury and the court should have mentioned it in the charge.

APPEAL by defendant from *Wood, Judge.* Judgment entered 1 March 1979 in Superior Court, ROWAN County. Heard in the Court of Appeals 27 November 1979.

Defendant was charged with having feloniously discharged a firearm into an occupied vehicle. He pled not guilty by reason of insanity. Evidence at trial tended to show that on the morning of 16 October 1978, defendant waited with two school children at a school bus stop in Rowan County and when the bus stopped, he asked for a "lift." When he was told by one of the passengers that he could not ride because "[i]t's illegal," defendant replied that "[i]t's not illegal. This is God's bus. I'm one of God's children. I'm going to blow that stop sign off as a warning to anybody that comes by here." As the bus left the bus stop, the defendant shot at the rear of the bus with a shotgun hitting the area of the right taillight.

The defense called seven witnesses. Each of them testified that at the time of the shooting, defendant did not understand the nature and quality of his act or the difference between right and wrong in relation thereto.

The defendant was found guilty and sentenced to ten years in prison. He has appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Burke, Donaldson and Holshouser, by William D. Kenerly, for defendant appellant.*

WEBB, Judge.

State v. Flowers

[1] The defendant's first assignment of error deals with the exclusion of testimony by the arresting officer. The State did not call the officer as a witness. He testified as a witness for the defendant to the effect that the defendant was insane at the time of the shooting. The court allowed the officer to testify as to how the defendant acted, looked, and spoke, but refused to allow him to testify that the defendant admitted shooting the bus because "he was one of God's children and it was God's bus." Defendant argues that this testimony should have been admissible as being a statement on which the witness relied to form his opinion that the defendant was insane. Our Supreme Court in *State v. Wade*, 296 N.C. 454, 251 S.E. 2d 407 (1979) recently dealt with the question of the admissibility in evidence of conversations between a psychiatrist and a patient. The psychiatrist had used the conversations to form an opinion that the defendant did not know the difference between right and wrong at the time of an alleged shooting. The Supreme Court held that the psychiatrist should have been allowed to testify to these conversations. The Supreme Court reasoned that statements made to a physician in the course of an examination are inherently reliable and should have been admitted into evidence. The statement made to the officer in the case sub judice was made while the officer was in the presence of the defendant but was not interrogating him. Based on the reasoning of *Wade*, we hold the statement was not so inherently reliable as to be allowed in evidence to show what the witness relied upon in forming his opinion. *Wade* also held that declarations of the defendant may be admitted to show the state of mind of the defendant if the declarations are made prior to the alleged crime. In the case sub judice the statements were made after the alleged crime. The defendant's first assignment of error is overruled.

The defendant's second assignment of error deals with certain questions asked by the court of Dr. James Groce, a psychiatrist who testified that in his opinion the defendant did not know the difference between right and wrong at the time he shot into the bus. During his testimony, the court asked Dr. Groce whether the defendant had been given drugs during the course of his treatment. Dr. Groce then described the type of drugs which were administered to the defendant and his re-

sponse to the treatment. At another point in his testimony, the court asked Dr. Groce whether PCP could be taken orally. Dr. Groce responded that "it can be swallowed, injected or smoked." The court then asked if the effect is the same and Dr. Groce responded in the affirmative. Defendant contends that the court by its questions expressed an opinion on the evidence. Dr. Groce, at other parts of his testimony, testified as to the drugs he had administered to the defendant and to his investigation as to the possible use by the defendant of PCP. We hold the questions of the court served to clarify the testimony of Dr. Groce and were not expressions of opinion by the court.

[2] The defendant's third assignment of error deals with the denial of his motion for a directed verdict. The defendant contends that he offered plenary evidence of insanity which was uncontradicted and this required that the case be dismissed. We hold that we are bound by *State v. Leonard*, 296 N.C. 58, 248 S.E. 2d 853 (1978). This assignment of error is overruled.

[3] By his fourth assignment of error, defendant contends he was prejudiced by improper evidence that showed that if  he were found not guilty by reason of insanity, he would not be confined. He argues further that this error was compounded by allowing the district attorney to argue it to the jury and the court's referring to it in its charge. During the cross-examination of Dr. Groce, the following colloquy occurred:

"Q. So the only way a person can be involuntarily committed against their will is if they are mentally ill or inebriate or imminently dangerous to themselves or others?

A. That's correct.

Q. Now, you indicated at the time you saw the defendant last that that condition did not exist?

A. That's true.

Q. So he was not civilly committable?

A. No, he was not. He had recovered very nicely."

In his argument to the jury the district attorney made the following statement:

> "Dr. Groce released the defendant after his confinement with the statement brought out on cross examination that he was not imminently dangerous to himself or others."

In its charge to the jury, the court stated that Dr. Groce had said:

> "that the last time he was seen that he was not imminently dangerous to himself or others . . . ."

We hold it was not prejudicial error to allow Dr. Groce to testify as he did. The testimony of Dr. Groce was not unequivocal that the defendant would be released if found not guilty by reason of insanity. The court charged as to the commitment procedure if the defendant were found not guilty by reason of insanity. *See State v. Hammonds,* 290 N.C. 1, 224 S.E. 2d 595 (1976). This should have resolved any doubt that was in the jurors' minds. We also hold that the argument of the district attorney and the court's statement were not in error. Neither the district attorney nor the court said the defendant would be released if he were found not guilty. We believe it is speculation that the jury would have interpreted it that way.

[4] The defendant's fifth assignment of error deals with questions on cross–examination of Dr. Groce in regard to drug use by the defendant. During the cross–examination of Dr. Groce, he stated that the defendant told him he had taken PCP and "every other drug that I asked him about." Dr. Groce also said, "I could not exclude any of those drugs from my psychiatric and physical evaluation." Later in the cross–examintion he said that a member of his staff had called the defendant's sister and she told him her brother had taken a drug which Dr. Groce concluded was PCP. Relying on *State v. Wade, supra,* we hold that the statements made by defendant to Dr. Groce were inherently reliable and properly admitted into evidence. The statement made by defendant's sister to a member of Dr. Groce's staff was not so inherently reliable and should have

been excluded. There was sufficient competent evidence of the defendant's use of PCP, however, that we hold this was was harmless error.

[5] The defendant's last assignment of error is to the court's allowing the district attorney to argue that the defendant was under the influence of drugs at the time of the alleged crime and voluntary drug intoxication is not an excuse for a crime. The defendant also contends it was error for the court to charge the jury that there was some evidence the defendant was under the influence of PCP at the time of the alleged crime. Dr. Groce had testified that the defendant's conduct was similar to that of a person using PCP; that he had suspected the use of PCP because of certain conduct of the defendant; and in his opinion, the defendant's illness was made worse by some type of drug. We hold this was sufficient evidence of the use of drugs by the defendant at the time of the shooting so that the district attorney could argue it to the jury and the court should have mentioned it in the charge. The defendant's last assignment of error is overruled.

No error.

Judges VAUGHN and MARTIN (Harry C.) concur.